FILED
SUPERIOR COURT
OF GUAM

2023 SEP 19 PM 4: 05

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>v.<br><br>FRANCIS CANICE QUITUGUA<br>(*aka* FRANK),<br>DOB: 01/25/1969<br><br>Defendant. | **Criminal Case No. CF0091-14**<br>GPD Report No. 13-37529<br><br>**DECISION AND ORDER GRANTING THE PEOPLE'S REQUESTED RESTITUTION** |

### INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on August 7, 2023 for a Restitution Hearing. Assistant Attorney General Kristine Borja represents the People, and Attorney William Brennan represents Francis Canice Quitugua (*aka* "Frank") (*aka* "Defendant"). Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **GRANTS** the People's requested restitution.

### BACKGROUND

In November, 2022, Defendant was adjudicated guilty of Theft of Services (as a 3rd Degree Felony) after failing to complete the terms of his deferred plea agreement. See Judgment of Conviction (Nov. 21, 2022). Pursuant to the plea agreement, Defendant agreed to pay full restitution to DD Car Rental, Tumon (*aka* "Victim"). See Deferred Plea Agreement (Oct. 26, 2016). Defendant had rented a car from Victim for the week of November 15-22, 2013, but intentionally held onto the rental car beyond its return date. Id. Victim did not recover the car until January 28, 2014. See Magistrate's Complaint (Feb. 26, 2014).

On July 19, 2016, Victim submitted their Amended Restitution Summary Report. See Submission of Summary Report (Re: Restitution) (Jul. 19, 2016). Victim requested restitution of $3,796.58. Id. This amount consists of: (1) the expired contract covering the 68 days Defendant held

Decision and Order Granting the People's Requested Restitution
CF0091-14, *People of Guam v. Francis Quitugua*
Page 1 of 4

onto the rental car beyond the return date ($3,264.00, calculated at a rate of $48.00/day), (2) money spent on a private investigator to locate the car ($200.00), and (3) interest from Jan. 28 – Aug. 14, 2014 ($332.58, calculated at 18% APR). Id.

Defendant now challenges Victim's claimed restitution on several grounds. First, Defendant claims the expired contract amount was improperly calculated. See Brief Re: Restitution at 2 (Mar. 24, 2023). Defendant claims it should be calculated at $154.00/week (the same rate as the rental contract itself), rather than at $48.00/day (the rate for expired contracts listed on the rental contract). Id. at 2. Next, Defendant claims such future lost rental income is excluded from restitution as being too speculative. Id. at 2. Defendant also challenges the inclusion of interest and the private investigator expenses in the restitution. Id. at 2-3. Lastly, Defendant claims he is unable to pay the requested restitution due to financial and health-related issues. Id. at 4.

On May 3, 2023, the People filed their Response to Restitution Brief (aka "Response"). The People claim the expired contract amount should be calculated at $48.00/day and subject to interest of 18% APR, as those terms were listed in the rental contract which Defendant agreed to. See Response at 1-2 (May 3, 2023). The People also challenge Defendant's claimed inability to pay restitution, believing he does have the ability/means to pay it off. Id. at 3.

The Court held a hearing on August 7, 2023. After hearing the arguments of the parties, the Court took the matter under advisement.

## DISCUSSION

### I. Preliminary Rules:

"A person who has been convicted of an offense may be sentenced to pay a fine or to make restitution not exceeding:

(b) Five thousand dollars ($5,000.00), when the conviction is a felony of the third degree;

(e) Any amount equal to double the pecuniary gain to the offender or loss to the victim caused by the conduct constituting the offense."

See 9 G.C.A. § 80.50.

Decision and Order Granting the People's Requested Restitution
CF0091-14, *People of Guam v. Francis Quitugua*
Page 2 of 4

"The court shall not sentence an offender to pay a fine or make restitution unless the offender is or, given a fair opportunity to do so, will be able to pay the fine or restitution." See 9 G.C.A. § 80.52(c). "In determining the amount and method of payment of a fine or restitution, the court shall take into account the financial resources of the offender and the nature of the burden that its payment will impose." See 9 G.C.A. § 80.52(d).

## II. Application:

Victim's requested restitution falls below the $5,000.00 limit of 9 G.C.A. § 80.50(b). However, the Court must still find that the requested restitution does not exceed the "loss to the victim". See 9 G.C.A. § 80.50(e). "Loss" means "the amount of value separated from the victim." Id.

Here, Defendant's conduct in holding onto the rental car beyond the agreement's terms, caused several forms of loss to the Victim. One such loss was the expired contract which remains unpaid to this day. Defendant agreed to pay $48.00/day for each of the 68 days he held onto the rental car beyond its return date. See Response at 3 (May 3, 2023). By not paying off the expired contract, Defendant has deprived Victim of $3,264.00 which they were otherwise due to receive. Another such loss was the $200.00 that Victim spent on hiring a private investigator to locate the car. This loss was actually and proximately caused by Defendant's wrongful conduct because Victim would naturally expend resources to locate their stolen car. The last loss Victim suffered was interest on the above two losses. In his rental agreement, Defendant agreed to pay interest of 18% APR on unpaid balances and collection costs. Id. at 3. By not paying this interest, Defendant has deprived Victim of $332.58 they were otherwise due to receive. In total, Defendant's conduct has caused $3,796.58 in losses to the Victim.

Decision and Order Granting the People's Requested Restitution
CF0091-14, *People of Guam v. Francis Quitugua*
Page 3 of 4

However, before rendering the amount of restitution owed, the court must first determine that Defendant is "able to pay". See 9 G.C.A. § 80.52(c). Defendant is currently confined to a wheel chair due to health-related issues. See Brief Re: Restitution at 4 (Mar. 24, 2023). However, this alone does not indicate Defendant's permanent inability to pay restitution. Defendant has several options to pay off the restitution he otherwise promised in his plea agreement. For example, Defendant may one day reenter the work force, reallocate his expenses, sell off some assets, or dip into his savings account. Defendant can still make good faith efforts to repay the restitution, disability or not. See Model Penal Code § 7.02 cmt (Restitution can be ordered if the "defendant is adjudged capable of paying it, either at once or in the future.").

## CONCLUSION

For the reasons stated above, the Court **GRANTS** the People's restitution request. Defendant shall owe Victim restitution totaling three thousand seven hundred ninety-six dollars and fifty-eight cents ($3,796.58).

**IT IS SO ORDERED** this <u>September 19, 2023</u>



_____
**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

Decision and Order Granting the People's Requested Restitution
CF0091-14, *People of Guam v. Francis Quitugua*
Page 4 of 4